UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TROYLYN DIX                                    CIVIL ACTION


VERSUS                                         NO: 22-3484


PINNACLE ENTERTAINMENT,                        SECTION: "J"(4)
INC., ET AL


## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 8)** filed by Plaintiff,
Troylyn Dix, and opposition thereto (Rec. Doc. 9), filed by Defendant, Pinnacle
Entertainment, Inc. Having considered the motion and legal memoranda, the record,
and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Troylyn Dix, filed this lawsuit in the 24th Judicial District Court for
the Parish of Jefferson, State of Louisiana, on August 14th, 2022, for injuries
stemming from an alleged slip and fall accident. Plaintiff is domiciled in Louisiana.
Defendant Pinnacle Entertainment, Inc. ("Pinnacle") is a foreign corporation
incorporated in Delaware with its principal place of business in Pennsylvania.
Pinnacle is conducting business in Louisiana as Boomtown Casino New Orleans, Inc.
("Boomtown Casino"). Plaintiff's petition also names XYZ Insurance Company which
is a fictitiously named foreign insurance company which issued a policy effective at
the time of the incident to Defendant, Boomtown Casino.

Plaintiff asserts that on or about August 14, 2021, she sustained injuries due to a slip and fall incident at the Boomtown Casino, located at 4132 Peters Rd., Harvey, Louisiana. Plaintiff claims there was no signage to warn Ms. Dix that the floor was wet, and because of the incident, Plaintiff sustained injuries including, but not limited to her neck, back, and head. Plaintiff claims damages as a result of the accident and her injuries in the form of past, present, and future: physical pain and suffering; mental pain, anguish, and distress; loss of enjoyment of life; lost wages; disability; impairment of earning capacity; medical expenses; along with other elements to be set forth at trial. Plaintiff avers that a substantial cause of the accident and damages was due to the fault and negligence of the Defendants.

On September 26, 2022, Defendant Boomtown Casino filed a Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 on the basis that the amount in controversy at the time of removal exceeded the jurisdictional limit of $75,000.00 exclusive of interest and costs and that complete diversity existed between the parties. On November 7, 2022, Plaintiff filed her current motion to remand to state court.

## LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De*

*Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

In removal cases, the parties must show that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the facts in controversy that support a finding of the requisite amount. *Id.* (emphasis in original).

The first method requires the court to consider only the face of the complaint. A defendant can rely on the face of the complaint if it is apparent that the amount in controversy is sufficient. *De Aguilar*, 47 F.3d at 1412. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995).

The party invoking jurisdiction has the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 fn. 10, (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189, (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039, 1052 (5th Cir.1982). The

court may demand that the party justify the allegation by a preponderance of the evidence. *McNutt*, 298 U.S. at 189.

After a defendant has met its burden, the plaintiff, to obtain a remand, must prove to a legal certainty that its recovery will not exceed the jurisdictional amount. *Id.* A defendant must do more than point to a state law that might allow the plaintiff to recover more than it pled. *Id.* The removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

At issue in this case is whether Plaintiff's motion to remand raises procedural deficiencies in the removal process which were waived by the motion's untimely filing. Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and the suit is between citizens of different states; of course, courts can remand a case that fails either of these substantive requirements at any time. 28 U.S.C. § 1332(a)(1). However, under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal." The Fifth Circuit has held this to mean that any defect in removal that does not go the issue of "whether the case originally could have been brought in federal district court" is considered "procedural." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir.1991).

In this case, Plaintiff filed her initial motion to remand 31 days after the Notice of Removal was filed and then re-filed her motion 11 days later after that motion was

marked as deficient.[1] Defendant argues that because Plaintiff's motion was late, she has waived all procedural objections to removal. (Rec. Doc. 9, at 6).

Plaintiff's motion to remand argues that "this court lacks subject matter jurisdiction because the defendant has failed to prove, by a preponderance of the evidence, that the amount in controversy has met the statutory requirement as set forth in 28 U.S.C. § 1332." (Rec. Doc. 8, at 1). Plaintiff does not argue, however, that this Court would not have original jurisdiction over this action if it were brought here. Instead, Plaintiff is arguing that the Notice of Removal was deficient because it did not contain anything more than "a conclusory statement" that the amount in controversy exceeded $75,000. (Rec. Doc. 8-1, at 4). Plaintiff is correct in asserting that "when the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75,000]." *De Aguilar* 11 F.3d at 58. However, Plaintiff's right to contest this defect in the notice of removal was waived when the 30-day filing deadline elapsed.

Plaintiff in this case is a domiciled in Louisiana, and Defendant is a Delaware corporation with its principal place of business in Pennsylvania. (Rec. Doc. 1, at 2). Plaintiff very carefully avoids contesting that the amount in controversy is $75,000, only arguing that Defendant's Notice of Removal does not establish this fact by a preponderance of the evidence. Therefore, the parties have no dispute regarding the substantive requirements of diversity jurisdiction.

---

[1] Documents marked as deficient by the court should be re-filed within 7 days, and failure to follow this rule may result in the motion being stricken. E.D. La. Ct. R. 7.2.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 8)**

is **DENIED**.

New Orleans, Louisiana, this 13th day of February, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE